## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENA DUCES TECUM<br>TO BRIAN SELWAY | Case No.: _____ |

## BRIAN SELWAY'S MOTION TO QUASH SUBPOENA
## AND MOTION FOR PROTECTIVE ORDER FOR PERSONAL
## TEXT MESSAGES, EMAIL, FACEBOOK AND TWITTER RECORDS

Brian Selway ("Selway" or "Petitioner"), by his undersigned counsel, moves pursuant to Fed. R. Civ. P. 45(d)(3) for an order quashing a subpoena dated August 21, 2019 seeking his personal text messages, emails, Facebook and Twitter records (the "Subpoena"), and moves pursuant to Fed. R. Civ. P. 26(c) for a protective order protecting his records, or alternatively for the subject subpoena to be modified pursuant to Fed. R. Civ. P. 45(d)(3).[1] In support hereof, Selway states as follows:

### Background

1.      Selway was served with the Subpoena in connection with a civil action currently pending in the United States District Court for the District of Maryland, captioned: *Hispanic National Law Enforcement Association NCR, et al., v. Prince George's County Maryland, et al.*, (Civil Action No. 8:18-cv-03821 TDC) (the "Underlying Action").  Plaintiffs in the Underlying Action (fifteen current and former Prince George's County police officers, and two organizations

---

[1]      A copy of the Subpoena is attached as **Exhibit 1** hereto. Although Selway was served with the Subpoena, dated August 21, 2019 and with a production date of September 20, 2019, undersigned counsel was not able to obtain a copy thereof by the date this Motion was filed. Therefore attached is a copy of the same subpoena with a prior date that was issued and not served, but contains content identical to the Subpoena dated August 21, 2019.

purporting to represent Prince George's County police officers) served the Subpoena. Defendants in the Underlying Action are Prince George's County and several individual officers.

2.     The Underlying Action is an employment discrimination matter in which the Plaintiffs (Respondents in this proceeding) have asserted claims for racial discrimination and retaliation under the First and Fourteenth Amendments to the U.S. Constitution and Title VII of the Civil Rights Act of 1964.

3.     Selway is *not* a party to the Underlying Action. He is a sworn police officer holding the rank of Lieutenant in the Prince George's County Police Department.

4.     The Subpoena served on Selway seeks "[a]ll text messages, emails, posts, tweets, or any other documents that use derogatory language to refer to racial minorities, any PGPD officers, or any Prince George's County residents." (**Ex. 1.**)

5.     Selway's name is mentioned in the Amended Complaint four (4) times. See ECF 54, Am. Compl. at ¶ 61(d), 62, 68.[2] Specifically, the Amended Complaint alleges that, at a date and time not provided, Selway "obtained customized license plates for a personal vehicle with the acronym for 'Go F*** Yourself Obama," and that the vehicle with these plates was parked in the Department lot. Id. at ¶ 61(d). Respondents then continue to make the tenuous allegation that, because "other White officers had [allegedly] made comments regarding the then-President," Selway must have obtained the plates in reference to President Obama's race. Certainly Selway cannot be held responsible for verbal statements Respondents have clearly indicated were made by other officers, nor can he be responsible for inferences other may make in reaction to these license plates.

---

[2]     ECF citations refer to the docket in the Underlying Action.

6.     Any remaining references to Selway pertain to complaints made to his supervisors regarding this incident, and any action taken thereafter, which Selway had no involvement in or control over. Id. at ¶ 61(d), 62, 68. However, it should be noted that after a complaint was made Selway disposed of the plates.

7.     Considering that the allegations in the Amended Complaint pertain to the physical action of obtaining a license plate, or a tenuous relation to verbal statements, there is no connection Respondents' can assert that extends to Selway's personal text messages, emails, Facebook posts or Twitter account.

8.     As addressed below, the Subpoena's request should be quashed, or in the alternative, a Protective Order issued, or the Subpoena's scope modified.  The Subpoena seeks information which Plaintiffs' have no reason to believe exists, requests Selway to search for such messages and documents for an unspecified period of time, is not proportional to the needs of the case, and is overbroad.   Moreover, Selway asserts it was issued for the improper purpose of harassing and invading his privacy.

### Applicable Law[3]

9.     Fed. R. Civ. Pro. 45(d)(3)(A) requires a court to quash or modify a subpoena that "requires disclosure of privileged or other protected matter," or "subjects a person to undue burden."   Further, because the scope of discovery under a subpoena is the same as the scope of discovery under Fed. R. Civ. Pro. 26, a subpoena may also be quashed for failing to comply with Rule 26.   See Coleman v. District of Columbia, 275 F.R.D. 33, 36–37 (D.D.C. 2011) ("[I]t is settled that a subpoena is limited in scope by Rule 26(b)(1) of the Federal Rules of Civil Procedure"); Cook v. Howard, No. 11–1601, 2012 WL 3634451, at *6 (4th Cir. Aug. 24, 2012)

---

[3]     Unless stated otherwise, internal citations and quotations are omitted.

(per curiam) ("Although Rule 45(c) sets forth additional grounds on which a subpoena against a third party may be quashed[,] ... those factors are co-extensive with the general rules governing all discovery that are set forth in Rule 26.").

10.     In addition to moving to quash, a person served with a subpoena may move for a protective order under Fed. R. Civ. Pro. 26(c), and "under Rule 26(c), a court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense upon a showing of good cause." W. Bay One, Inc. v. Does 1-1,653, 270 F.R.D. 13, 14 (D.D.C. 2010).  Whether a discovery request is oppressive or imposes an undue burden is determined by balancing the party's need for the discovery against the potential hardship to the subject of the subpoena.  Id.  In determining whether there is an "undue burden," a court examines "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." Id.

## Argument

### I.     Selway has Standing to File a Motion to Quash

11. "Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." Singletary v. Sterling Transp. Co., 289 F.R.D. 237, 239 (E.D. Va. 2012).

12. In this instance, Respondents request access to Selway's personal text messages, emails, Facebook and Twitter records. Knowing full well that they cannot subpoena Selway's telephone carrier or email provider for the contents of text messages and emails due to the Stored

Communications Act,[4] Respondents seek to sidestep the Act and instead put the onus on Selway to sort through years' worth of text messages and emails in the hope that something currently unknown to them will appear. The request therefore amounts to the digital equivalent of looking for a needle in a haystack.

13. While the determination of whether an individual possesses a right to privacy with regard to digital communications remains unresolved,[5] Selway maintains a right to privacy nonetheless exists as the text messages and emails Respondents seek were "never intended to have [been] shared with the general public." Singletary, 289 F.R.D. at 237.

14. As Selway's personal communications were not intended for public dissemination, he therefore asserts a privacy interest exists which in turn allows him to file this Motion to Quash.

## II.   The Subpoena is Overbroad and Seeks Irrelevant Information.

15. The Subpoena should be quashed because it is immensely overbroad and not reasonably calculated or limited to obtain potentially relevant information. The Subpoena is nothing short of a fishing expedition intended to harass and annoy Selway, a non-party, through the invasion of his privacy through his personal phone, email, and social media accounts.

16. Federal Rule of Civil Procedure 45(c)(3) requires the Court to quash a subpoena that "subjects a person to an undue burden." Fed.R.Civ.P. 45(c)(3). "This undue burden category "encompasses situations where the subpoena seeks information irrelevant to the case. Moreover,

---

[4] The Stored Communications Act ("SCA"), located at 18 U.S.C. § 2701 et seq. See In re Subpoena Duces Tecum to AOL, LLC, 550 F.Supp.2d 606, 611 (E.D. Va. 2008) ("Applying the clear and unambiguous language of § 2702 to this case, AOL, a corporation that provides electronic communication services to the public, may not divulge the contents of the Rigsbys' electronic communications to State Farm because the statutory language of the Privacy Act does not include an exception for the disclosure of electronic communications pursuant to civil discovery subpoenas.").

[5] City of Ontario v. Quon, 130 S.Ct. 2619, 2629 (2010).

'[a] subpoena imposes an undue burden on a party when [it] is overbroad.' Singletary, 289

F.R.D. at 241 (citing In re Subpoena Duces Tecum to AOL., 550 F.Supp.2d 606, 612 (E.D. Va.

2008)).

17. A subpoena is overbroad if it is not reasonably limited or tailored to the pleaded claims

or defenses. Sirpal v. Fengrong Wang, No. CIV. WDQ-12-0365, 2012 WL 2880565, at *5 (D.

Md. July 12, 2012). "For example, a request for 'all copies of e-mails sent or received by anyone

with no limitation as to time or scope' is usually overbroad." Id.

18. Here, Respondents' request is clearly overbroad as it commands Selway to go through

*all* text messages, emails, Facebook Posts, and Tweets that *he has ever sent or received* (as no time

period is provided), and "does not limit the [requested records] to [those containing] subject matter

relevant" to the underlying action. In re Subpoena Duces Tecum to AOL, 550 F. Supp. 2d at 612

(quashing subpoena for being overbroad). There is no subject-matter limitation at all contained in

the Subpoena beyond a reference to "derogatory language," which arguably is a broad term which

requires definition itself. For example, there is no limitation tailored to the alleged unethical

conduct by Selway. See Arndt v. Ford Motor Co., No. 2:15-CV-11108, 2016 WL 1161444, at *4

(E.D. Mich. Mar. 24, 2016) (quashing phone records request to Verizon Wireless for "all" phone

numbers and text messages as overbroad and "not proportional to the needs of [that] case"; future

subpoena could only seek text messages exchanged between Plaintiff and his supervisor for a

limited time period).

19. As all documents pertaining to Selway's alleged conduct would be contained in files

maintained with the Police Department, arguably the central repository and proper custodian of

any records, if they exist, there is no reason why Selway should comb through his phone, email,

and social media records for an indefinite period of time for information that is easily accessible

through discovery from the Department. At this time there is no indication that Respondents' have

sought such discovery.

20. Respondents' request which contains an extremely broad subject-matter and no

timeframe for which to consider is facially demonstrative of an intent to annoy and harass Selway.

See Sharp v. Baltimore City Police Dep't, No. CIV. CCB-11-2888, 2013 WL 937903, at *3 (D.

Md. Mar. 1, 2013) (quashing subpoena for phone records where the "defendants seem engaged in

an attempt to uncover 'dirt' on the plaintiff, rather than truly to investigate the facts relevant to the

May 2010 incident."). It can only be believed that Respondents, in issuing this subpoena, hope that

Selway will conduct their discovery for them and unearth a triable event which they have no reason

to believe exists.

**III.    The Court Should Enter a Protective Order for Selway's Text Messages, Emails, Facebook, and Twitter Records.**

21. This Court should also enter a protective order pursuant to Federal Rule of Civil

Procedure 26 for Selway's text messages, emails, Facebook and Twitter records, prohibiting

Respondents from seeking them in the future. Without restating the prior arguments, it is apparent

that the subpoena is overbroad and requests irrelevant information. Therefore there is good cause

to protect Selway's personal records, as well as protect Selway from further harassment in the

future. With no reason to believe Selway's text messages, emails, Facebook, or Twitter accounts

contain any information relevant to the Underlying Action, Respondents should be prevented from

inquiring into Selway's personal life when the matters they are interested in pertain solely to

Selway's career with the Prince George's County Police Department.

22. As stated by United States Magistrate Judge Charles Day in his Memorandum Opinion

regarding prior subpoenas issued by Respondents in the Underlying Action, Respondents here

want Selway to provide random communications "to make inferential leaps to support the claims

of conspiratorial acts." See In re Subpoena Duces Tecum to Verizon Wireless, et al., (Civil Action

No. 8:19-cv-01744 TDC; ECF 13 at 12). Moreover, the subject subpoena only serves to "[expand]

investigations [with] the details of unknown…conversations and activities," and to disclose "stray

communications which can only increase the expense and burdens of the litigation." Id. Such an

overbroad request must be narrowed to what may actually be relevant to the Underlying Action,

and refrain from requesting Selway to engage in an arduous task for information that, if it even

exists, would have nominal, if any, significance.

## Conclusion

WHEREFORE, for all of the foregoing reasons, Selway respectfully requests that the Court

quash the Subpoena and enter a Protective Order for Selway's personal records.


Dated: September 20, 2019                    Respectfully submitted,


Patrick J. McAndrew, Esq. [Bar No. 13434 (MD)]
Law Offices of Patrick J. McAndrew, LLC
6305 Ivy Lane
Suite 408
Greenbelt, MD 20770
Tel.: (301) 220-3111
Fax: (301) 220-3843
pmcandrew@mzmlaw.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of September 2019, a copy of the foregoing non-party Brian Selway's Motion to Quash Subpoena and Motion for Protective Order for Personal Text Messages, Email, Facebook and Twitter Records was served via First Class Mail, postage pre-paid on:

Dennis A Corkery
Washington Lawyers Cmte for Civil Rights and Urban Affairs
11 Dupont Cir NW Ste. 400
Washington, DC 20036
Tel: (202) 319-1000
Fax: (202) 319-1010
dennis_corkery@washlaw.org

Deborah A Jeon
American Civil Liberties Union of Maryland Foundation
3600 Clipper Mill Rd Ste. 350
Baltimore, MD 21211
Tel: (410) 889-8555
Fax: (410) 366-7838
jeon@aclu-md.org

John Arak Freedman
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue NW
Washington, DC 20001
Tel: (202) 942-5316
Fax: (202) 942-5999
John.Freedman@arnoldporter.com

Patrick J. McAndrew